IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 1 4 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CESAR ARIZMENDI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-06-125 |
| | § | |
| ORC INDUSTRIES, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on March 12, 2007, the Court **DENIED** Plaintiff's Motion for Leave to File Amended Pleading. Dkt. No. 16.

Plaintiff seeks to amend his pleading "to include more detail regarding the employer's wrongful practices, [sic] and to identify himself as acting on behalf of other persons similarly situated." *Id.* at 2. At present, however, Plaintiff is not acting on behalf of anyone but himself. Dkt. No. 1. For Plaintiff to be acting on behalf of other persons, those potential plaintiffs would have to sign consent to sue forms, which would then have to be filed with the Court. *See* 29 U.S.C. § 216(b). The Court has yet to receive any consent to sue forms.

It appears that the real impetus behind Plaintiff's motion is not an amendment of the complaint, but rather the certification of a representative class. Plaintiff may seek such a certification, if he so wishes, but he must do so through the appropriate procedures, not through a simple amendment of his complaint. *See, e.g.,* Clarke v. Convergys Customer Mgmt. Group, Inc., 370 F.Supp.2d 601, 604–05 (S.D. Tex. 2005); Johnson v. TGF Precision Haircutters, Inc., 319 F.Supp.2d 753, 754–55 (S.D. Tex. 2004); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 101, 103–05 (S.D.N.Y. 2003); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 91, 95–97 (S.D.N.Y. 2003); Felix de

-1-

Asencio v. Tyson Foods, Inc., 130 F.Supp.2d 660, 661–63 (E.D. Pa. 2001). If Plaintiff desires the certification of a representative class, he must move for permission to proceed as a collective action, he must move for permission to provide notice to potential class members, and he must demonstrate, through his pleadings and affidavits, the existence of other potential plaintiffs who are similarly situated. *See, e.g., Clarke*, 370 F.Supp.2d at 604–05; *Johnson*, 319 F.Supp.2d at 754–55; *Gjurovich*, 282 F.Supp.2d at 103–05; *Gjurovich*, 282 F.Supp.2d at 95–97; *Felix de Asencio*, 130 F.Supp.2d at 661–63.

Plaintiff has done none of these things. Even if the Court were to construe Plaintiff's Motion for Leave to File an Amended Pleading as a motion for class certification and for permission to provide notice to potential plaintiffs, a construction which would strain the bounds of legal interpretation, Plaintiff has still failed to provide sufficient evidence of who the alleged other potential plaintiffs are or of how those potential plaintiffs are similarly situated to Plaintiff. *See* Dkt. No. 16.

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Leave to File Amended Pleading, without prejudice to Plaintiff's ability to seek to amend his complaint should the need arise and without prejudice to his ability to file a more appropriate motion to achieve his present objectives. *Id.*

DONE at Brownsville, Texas, this 13 day of March, 2007.

Hilda G. Tagle
United States District Judge

-2-