IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CESAR ARIZMENDI, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. B-06-125 |
| | § | |
| ORC INDUSTRIES, INC. | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on April 30, 2007, the Court considered Plaintiff's Motion and Memorandum in Support of Same to Enlarge Time Within Which to Identify an Expert Witness, Dkt. No. 31, and Defendant ORC Industries, Inc.'s Response Brief to Plaintiff's Motion to Enlarge Time Within Which to Identify an Expert Witness, Dkt. No. 33.

A motion to extend a deadline, filed prior to the expiration of that deadline, is governed by Federal Rule of Civil Procedure 6(b). That rule states: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged . . . ." FED. R. CIV. P. 6(b). Additionally, an extension of the deadline to identify an expert witness constitutes a modification of the Court's scheduling order. Amendment of a court's scheduling order is also governed by the Federal Rules of Civil Procedure, and "[b]oth Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause'

standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992))). Absence of prejudice to the non-moving party is not sufficient to establish good cause. *See Alton Crain*, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

Plaintiff has filed suit against Defendant for alleged violations of the Fair Labor Standards Act, Worker Adjustment Retraining and Notification Act, common law fraud, and breach of fiduciary duty. Dkt. No. 1; Dkt. No. 31. One of Plaintiff's complaints involves disclosure of Plaintiff's wage rate and method by which the rate was calculated. Dkt. No. 31, at 2. In the motion *sub judice*, which was filed prior to the expiration of the deadline by which Plaintiff must identify expert witnesses and produce expert reports, Plaintiff requested an extension of that deadline from April 16, 2007 to April 30, 2007. Dkt. No. 31; *see* Dkt. No. 12. Plaintiff states that recent depositions of Defendant's employees have included testimony regarding time studies pertaining to Plaintiff's wage rate, and Defendant has also recently produced the particular time studies that were used to determine Plaintiff's wage rate. Dkt. No. 31, at 2. Based on these recent discovery developments, Plaintiff maintains that "it is apparent . . . that expert testimony is necessary for the presentation of Plaintiff's case" particularly to "specifically address the propriety of those time studies produced by the Defendant as pertinent to the payment of the Plaintiff's wages." *Id.* Additionally, Plaintiff states that he "has filed this request for an extension as soon as he became aware of the need for additional time" and that "the time studies are a more complex process than was heretofore known." *Id.* at 2–3.

Based on the foregoing, the Court finds that Plaintiff has acted diligently in its discovery efforts and in its attempts to act in accordance with the deadlines established in the Court's Scheduling Order, Dkt. No. 12. However, despite such diligence, Plaintiff will still be unable to meet the deadline to designate an expert witness because of the recent production of Defendant's time studies and deposition testimony regarding those studies. Therefore, the Court determines that good cause has been shown for the extension of time requested.

Accordingly, the Court **GRANTS** Plaintiff's Motion and Memorandum in Support of Same to Enlarge Time Within Which to Identify an Expert Witness. Dkt. No. 31. The Court **AMENDS** its Scheduling Order, Dkt. No. 12, as follows:[1]

Plaintiff must name his experts and provide a report by:    May 7, 2007

Defendant must name its experts and provide a report by:    June 6, 2007

DONE at Brownsville, Texas, this 30th day of April, 2007.

Hilda G. Tagle
United States District Judge

---

[1] When Plaintiff timely filed the instant motion on April 16, 2007, he indicated that "[c]ounsel for the Defendant did not agree for this [m]otion to be unopposed." Dkt. No. 31, at 3. Thus, at its earliest, the motion was not ripe for this Court's consideration until Defendant filed its response on April 26, 2007. See CHAMBER RULE CIV. P. 5.D. Because of this delay, the Court grants Plaintiff an additional seven days beyond the requested extension to identify his expert witness and produce an expert report. Additionally, the Court extends Defendant's corresponding expert deadline so that it may have 30 days from Plaintiff's deadline to identify its own expert witness, as provided for by the original Scheduling Order. Dkt. No. 12.