IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 0 8 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk R.A....

| | |
|---|---|
| CESAR ARIZMENDI, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| ORC INDUSTRIES, INC. | § |
| | § |
| Defendant. | § |

CIVIL ACTION NO. B-06-125

## OPINION & ORDER

BE IT REMEMBERED that on June 7, 2007, the Court considered Defendant ORC Industries, Inc.'s Notice of Expedited Motion and Expedited Motion to Strike Plaintiff's Designation of Experts, Dkt. No. 39, Defendant ORC Industries, Inc.'s Memorandum in Support of Expedited Motion to Strike Plaintiff's Designation of Experts, Dkt. No. 40, Affidavit of Ann L. Rake in Support of Defendant ORC Industries, Inc.'s Expedited Motion to Strike Plaintiff's Designation of Experts, Dkt. No. 41, Plaintiff's Response to Defendant's Expedited Motion to Strike Plaintiff's Designation of Experts and Request for Additional Time Within Which to Produce a Report from Dr. Miguel A. Gonzalez, Dkt. No. 45, Defendant ORC Industries, Inc.'s Reply Memorandum in Support of Expedited Motion to Strike Plaintiff's Designation of Experts, Dkt. No. 47, and Cesar Arizmendi's Memorandum in Support of Motion to Modify Scheduling Order, Dkt. No. 50.

## I.    Background

On August 10, 2006, Cesar Arizmendi ("Plaintiff") filed suit against ORC Industries, Inc. ("Defendant"), claiming that Defendant had violated the Fair Labor Standards Act, Worker Adjustment Retraining and Notification Act, and engaged in common law fraud when it allegedly failed to pay him his proper wages. Dkt. No. 1; see Dkt. Nos. 32, 48. Plaintiff asserts that the suit began as "a wage claim based upon evidence of falsified timesheets [sic]." Dkt. No. 45, at 2.  However, after Plaintiff conducted depositions of

Defendant's employees, "it became apparent that the methods used by ORC engineers to determine piece rates and calculate a wage rate for sub-minimum wage employees were coming into question." *Id.* Plaintiff has maintained that he did not know the issue of time studies was going to arise in this case, and he was not aware that expert testimony pertaining to piece rates and time studies would be necessary in this case until after the depositions were conducted. Dkt. No. 31, at 2. Accordingly, Plaintiff previously requested an extension of the deadline by which to identify experts and produce expert reports, and the Court granted Plaintiff's request. Dkt. Nos. 31, 34. Thus, Plaintiff had until May 7, 2007 to comply with the Court's scheduling order. Dkt. No. 34. However, although Plaintiff designated experts by the deadline, he failed to timely produce expert reports to Defendant. Dkt. No. 40, at 4; Dkt. No. 45, at 8. In the instant motions, Defendant requests that the Court strike Plaintiff's designations of experts and preclude those experts from testifying at trial as a sanction for Plaintiff's failure to comply with the Court's scheduling order. Dkt. No. 40, at 5, 11. In response, Plaintiff requests an extension of time by which to produce his experts' reports.

## II.   Defendant's Motion to Strike Plaintiff's Experts

### A.   *Standard*

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. The rule states, in pertinent part, that "[e]xcept as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness." FED. R. CIV. P. 26(a)(2)(B). Additionally, "[t]hese disclosures shall be made at the times and in the sequence directed by the court." FED. R. CIV. P. 26(a)(2)(C). A party who fails to disclose information under Rule 26 may be sanctioned by a district court under Rule 37. FED. R. CIV. P. 37(c)(1). Specifically, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witnesses or information not so disclosed." *Id.* Additionally, Rule 16 permits district courts to set discovery deadlines and sanction parties who fail to adhere to such

deadlines. FED. R. CIV. P. 16(f).

It is within a district court's discretion to sanction a party for failure to comply with Rule 26(a) by striking a party's expert and prohibiting the expert from testifying at trial. *See* Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., 73 F.3d 546, 572 (5th Cir. 1996). When determining whether to strike a party's expert, a district court should consider the following four factors: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." *Sierra Club*, 73 F.3d at 572; Seymour v. Consol. Freightways, 187 F.R.D. 541, 542 (S.D. Miss. 1999). Exclusion of expert testimony has been described as an "extraordinary sanction," and a court must "consider the effect of the conduct for which that sanction is sought has had on the court's docket, whether it has prejudiced that party's opponent, and whether deterrence is necessary to protect the integrity of the judicial system." *Seymour*, 187 F.R.D. at 542.

## B.  *Analysis*

In the present case, Plaintiff's original deadline to designate experts and produce expert reports was April 16, 2007. Dkt. No. 12. On that date, however, Plaintiff requested an extension of time to meet the deadline because the need for expert analysis regarding piece rates and time studies had only become apparent in the weeks before the deadline. Dkt. No. 31. Plaintiff requested an extension until April 30, 2007. *Id.* The Court granted his request and set May 7, 2007 as the new expert deadline, due to the timing of the ripeness of Plaintiff's motion. Dkt. No. 34. On May 7, 2007, Plaintiff designated five expert witnesses: four of Defendant's engineers and Dr. Miguel A. Gonzalez. Dkt. No. 41, Ex. 1. Plaintiff produced Dr. Gonzalez's curriculum vitae, but did not produce any expert reports. *Id.* In correspondence to Defendant's counsel accompanying Plaintiff's disclosures, Plaintiff's counsel stated that he believed it would be impossible for Dr. Gonzalez to render an expert opinion in the case until after depositions scheduled to occur in June were conducted. *Id.*

In the instant motions, Defendant requests that the Court strike Plaintiff's designations of experts and preclude those experts from testifying at trial. Dkt. No. 40, at 5, 11. Defendant contends that it will suffer prejudice if Plaintiff's designated experts are not stricken because it will not have an adequate opportunity to review expert reports when designating and producing its own experts and corresponding reports. *Id.* at 5. Defendant also asserts that a continuance allowing Plaintiff additional time to comply with the Court's deadlines "would cause unwarranted delay that would further prejudice [Defendant] while in effect rewarding [Plaintiff] for failing to comply" with his deadlines. *Id.* at 9–10. Defendant maintains it has been preparing its defense of this case by relying on the scheduling order, and a continuance would result in a change of the entire schedule. *Id.* at 10.

In response, Plaintiff states that he first met with Dr. Gonzalez on April 24, 2007, but he was unable to secure his status as an expert witness until May 7, 2007. Dkt. No. 45, at 8. Additionally, Plaintiff asserts that a deposition transcript of one of Defendant's engineers was not available for review by the expert designation deadline, and the testimony will be important for Dr. Gonzalez to review before formulating an expert opinion in this case. *Id.* at 8–9. Plaintiff's counsel had also indicated to Defendant's counsel that Dr. Gonzalez's report will need to be based on discovery that has not yet been completed. Dkt. No. 41, Ex. 1. Plaintiff maintains that he produced as much information concerning Dr. Gonzalez as he could to Defendant on May 7, 2007, and he requests that the Court allow him and his experts until July 7, 2007 to review deposition transcripts in order to create and produce expert reports. Dkt. No. 45, at 8, 20.

The Court will examine Defendant's request to strike Plaintiff's experts using the four factor test set forth in *Sierra Club*. 73 F.3d at 572. First, the Court finds that the expert testimony in question will most likely be important to Plaintiff's presentation of his claims against Defendant. Plaintiff maintains that the designated experts are likely to render opinions concerning the propriety of Defendant's time study designs and their implementation in Plaintiff's workplace. Dkt. No. 41, Ex. 1; *see* Dkt. No. 45, at 13. These opinions will likely go toward the core of Plaintiff's wage claims against Defendant. Second, the Court determines that Defendant would suffer prejudice if Plaintiff's

-4-

designated experts were allowed to testify. Defendant should be afforded the opportunity to analyze Plaintiff's expert reports in order to properly designate its own experts, and Plaintiff's conduct has prevented Defendant from being able to do so. However, when considering the third *Sierra Club* factor of whether a continuance would cure such prejudice, the Court finds that allowing Plaintiff additional time to produce expert reports and giving Defendant a corresponding extension to designate its experts would alleviate prejudice Defendant would suffer. Additionally, a continuance that is narrowly tailored to the instant issues will minimize any prejudice that Defendant may experience as a result of delayed proceedings. Lastly, the Court determines that Plaintiff's explanation for his failure to comply with the Court's scheduling order establishes that he did not flagrantly disregard the expert deadline. Plaintiff designated experts and produced an expert's curriculum vitae by the appropriate deadline. Plaintiff's explanations regarding why a report was not timely produced show that he made some efforts to comply with the deadline, and his delay was caused by the need for additional evidence that did not yet exist. However, the Court also determines that Plaintiff should have been more realistic regarding his ability to comply with the extension of time requested. Plaintiff originally requested an extension of time until April 30, 2007, but the Court granted Plaintiff an additional seven-day extension. Plaintiff now claims that future discovery proceedings formed part of the basis for his current non-compliance, but such discovery was not ever scheduled to occur during the original extended time period that Plaintiff requested. Although Plaintiff's delay was not malicious or in callous disregard of the Court's scheduling order, it was not reasonable to represent that the time requested would be sufficient to produce the expert reports.

Considering the totality of the *Sierra Club* factors, the Court finds that the importance of Plaintiff's expert testimony and the ability of a continuance to cure prejudice to Defendant weigh heavily against striking Plaintiff's designated experts. Thus, based on the foregoing analysis, the Court concludes that Plaintiff's designated experts should not be stricken or prohibited from testifying at trial.

## III.   Plaintiff's Motion to Modify Scheduling Order

Since filing his response to Defendant's motion to strike, Plaintiff has also filed a

formal motion to modify the scheduling order in accordance with the extensions of time he requests as an alternative to having his experts stricken. Dkt. No. 50.

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b). "The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992))). Absence of prejudice to the non-moving party is not sufficient to establish good cause. See Alton Crain, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, *4 (W.D. N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

Plaintiff asserts that good cause exists for modifying the Court's scheduling order because despite acting diligently to timely produce expert reports, he has been unable to obtain discovery necessary to form the basis of those reports. Dkt. No. 50, at 3–4. Thus, Plaintiff requests that the scheduling order be modified so that he may have an extension of time to produce expert reports. Id. at 4–5. Additionally, Plaintiff states that additional time is necessary to engage in discovery crucial to this case. Id. at 2.

The Court incorporates its previous discussion and finding that Plaintiff's experts should not be stricken or prohibited from testifying at trial. Based on that finding, the Court determines that good cause exists for Plaintiff to be granted an extension of time to produce expert reports. Accordingly, modifications to the Court's scheduling order will be necessary.

## IV.    Conclusion

Based on the foregoing, the Court **DENIES** Defendant ORC Industries, Inc.'s Notice of Expedited Motion and Expedited Motion to Strike Plaintiff's Designation of Experts. Dkt. No. 39.   Furthermore, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Request for Additional Time Within Which to Produce a Report from Dr. Miguel A. Gonzalez. Dkt. No. 45.  Plaintiff's filing is **GRANTED** as to his request for additional time to produce Dr. Miguel A. Gonzalez's expert report.  Plaintiff's filing is **DENIED** as to his request to extend such deadline until July 7, 2007.

The Court **GRANTS IN PART** Cesar Arizmendi's Memorandum in Support of Motion to Modify Scheduling Order. Dkt. No. 50. The Court **GRANTS** Plaintiff's motion to modify the scheduling order, but **DENIES** his request to enter his proposed scheduling order. Accordingly, the Court **AMENDS** its scheduling order, Dkt. No. 12, as follows:

(1)    Plaintiff must produce all expert reports by June 29, 2007, pertaining to only those experts already designated;[1]

(2)    Defendant must designate its experts and produce all expert reports by July 30, 2007;

(3)    Discovery must be completed by August 24, 2007;

(4)    The parties will report to the Court regarding the possibility of Alternative Dispute Resolution by September 7, 2007;

(5)    Dispositive motions must be filed by September 14, 2007;

(6)    Joint pretrial order is due by December 14, 2007;

(7)    Final pretrial conference will be held on January 3, 2008 at 1:30 p.m.

DONE at Brownsville, Texas, this ___ day of June, 2007.

Hilda G. Tagle
United States District Judge

---

[1]Plaintiff may not designate any additional experts.